UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE APPLICATION OF FURSTENBERG
FINANCE SAS and MARC BATAILLON

REQUEST FOR DISCOVERY PURSUANT TO
28 U.S.C. § 1782

Civil Action No. 18-Misc._____

---

### DECLARATION OF WARREN E. GLUCK IN SUPPORT OF
### *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

I, Warren E. Gluck, declare under penalty of perjury as follows:

1. I am a member of the law firm of Holland & Knight LLP, counsel for Furstenberg Finance SAS and Marc Bataillon (collectively, "Applicants"), and am duly admitted to practice before the United States District Court for the Southern District of New York.

2. I respectfully submit this Declaration in support of Applicants' application for discovery pursuant to 28 U.S.C. § 1782 ("Application"), seeking financial records from banks located in this District for use in Applicants' intended foreign criminal proceedings in Luxembourg against Jean-Michael Paul ("Paul").

3. After extensive briefing at the district and appellate levels concerning a related application to the United States District Court for the Southern District of Florida, the Eleventh Circuit held that Applicants satisfied the requirements of 28 U.S.C. § 1782 and were entitled to discovery from a Florida entity, Litai Assets LLC ("Litai"), in aid of the Luxembourg criminal proceeding against Paul. *See Furstenberg Finance SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. Dec. 15, 2017).

4.      I submit this Declaration to provide the Court with information concerning these related proceedings in which I also represent Applicants and to sponsor certain documents filed in the related proceedings, including, but not limited to, ten sworn Declarations providing background concerning Applicants' allegations against Paul, detailing Luxembourg criminal law, and substantiating Applicants' intent to file a criminal proceeding against Paul in Luxembourg.

5.      I also submit this Declaration to provide the Court with information relevant to the requested discovery, the banks located in New York from which discovery is sought, and a basic understanding of the bank's systems that process and maintain records concerning United States Dollar denominated wire transfers. The information contained herein with respect to the United States Dollar denominated wire transfers is based on personal knowledge. Otherwise, the information contained herein is based on my review of relevant documents and is true to the best of my knowledge.

**Background**

6.      This Application seeks a routine order authorizing intermediary bank discovery from certain New York banks for use in a foreign proceeding pursuant to 28 U.S.C. § 1782.

7.      Applicants are current and former shareholders in Acheron Portfolio Corporation (Luxembourg) S.A. ("Acheron" or "APC").

8.      Applicants have received information from multiple sources indicating that Paul, an Acheron director, has an undisclosed ownership interest in an entity based in Florida, Litai, a service provider for Acheron.

9.      I am advised that, if Paul has an undisclosed interest, it is a crime in Luxembourg.

10.     Applicants filed a substantially identical application for discovery pursuant to 28 U.S.C. § 1782 in the United States District Court for the Southern District of Florida.

#55301704_v1

11. The Southern District of Florida granted Applicants' request for discovery.

12. Litai appealed to the Eleventh Circuit.

13. On or about December 15, 2017, the Eleventh Circuit affirmed the Southern District of Florida's order, confirming that discovery into Paul's interest in Litai was warranted.

14. Nonetheless, for nearly two years, Litai—a sophisticated servicer of life settlement policies—and its Chairman Jan-Eric Samuel ("Samuel") have evaded and opposed meaningful disclosure.

15. The Southern District of Florida has already granted three motions to compel and awarded Applicants attorneys' fees based on Litai's failures to comply with its discovery obligations, including, but not limited to, by failing to produce a single e-mail to, from, or including Paul.

16. On or about January 30, 2018, the Southern District of Florida granted Applicants' third motion to compel and for contempt - issuing sanctions against Litai.

17. A few days before the contempt order was issued, but after the contempt motion was filed, by a Notice of Meeting, dated on or about January 26, 2018, Acheron shareholders were informed of an extraordinary general meeting of shareholders proposing the liquidation of Acheron.[1]

**The Requested Discovery**

18. Applicants seek to obtain meaningful information from banks located in this District who are in the business of processing United States Dollar denominated wire transfers, and will have processed the wire transfers relevant to the issues in the Luxembourg proceeding–namely the disbursement of funds from Litai to entities owned, beneficially owned and/or

---

[1] Attached hereto as Exhibit 51 is a true and correct copy of the Notice of Meeting of Acheron.

#55301704_v1

controlled by Samuel and Paul, as well as transfers related to Samuel and Paul's purchase of Litai in the first instance.

19. Applicants seek discovery from the following banks: Bank of America N.A., Bank of China, The Bank of NY Mellon, BNP Paribas SA, Citibank, N.A., Commerzbank AG, Deutsche Bank Trust Company Americas, HSBC Bank (USA), N.A., JPMorgan Chase Bank, N.A., Société Générale, Standard Chartered Bank, and UBS AG (each a "Bank" and, collectively, "New York Banks").

20. Each of the New York Banks reside or are found within this District.

21. The discovery sought in this proceeding, i.e., wire transfer records and other financial documents maintained by the New York Banks concerning the Discovery Targets.

22. The Discovery Targets include: Jean-Michel Paul; Carlo Toller; Anh Bui; Litai Assets LLC; Vespera Life LLC; Wiking Assets LLC; Nordland Assets LLC; Neptune Assets LLC; Lifelong Insurance LLC; Lifelong Global Insurance LLC; Litai Property Management LLC; Horo Holdings S.A.; Alpcap PTE LTD; Tomson PTE LTD; Hopewell Asset; Hopewell SARL; and Life Settlement Assets PLC.

23. Upon information and belief, each of the Discovery Targets is affiliated with, or owned, beneficially owned, or controlled by, Paul and/or Samuel, and is a potential source or recipient of funds concerning Litai, as set forth in the Application.

24. Wire transfers to, from, or referencing the Discovery Targets will include transfers linking the chains of Litai's indirect ownership, revealing the source of funds used for Litai's initial purchase and subsequent financing, and the distribution of Litai's profits.

25. Records showing direct or indirect transfers (via Samuel) from Litai to Paul, or entities under his ownership or control, will further support for pleading and proving Paul's crimes.

**Obtaining Financial Records from Banks Located in this District**

26. Based on my substantial experience in obtaining bank account, loan, and United States Dollar denominated wire transfer records in numerous cases in this Court, the New York Banks act as correspondent or intermediary banks for United States Dollar denominated wire transfers passing from domestic banks to international banks, and vice versa.

27. The New York Banks are either participants in the Clearing House Interbank Payments System ("CHIPS"), which is the largest private sector U.S. dollar fund transfer in the world, or a major participant in the clearing of international United States Dollar denominated wire transfers.[2]

28. The New York Banks keep electronic records of United States Dollar denominated wire transfers and are thus able to easily search and produce these records and they have done so in response to dozens of subpoenas I have executed, or supervised execution of, in connection with numerous domestic litigations, bankruptcy proceedings, and Section 1782 applications such as this.

29. The New York Banks have not objected to the type of discovery sought here and begin producing the requested records as early as two weeks after receipt of the subpoena.

30. The importance of evidence obtained from the New York Banks for use in subsequent proceedings in Luxembourg has been acknowledged by the gentlemen understood to represent Paul and Acheron in Luxembourg ("Pauls' Luxembourg Counsel")

31. In support of a successful application for § 1782 discovery in this Court in *In re Application of FaulknerUSA International Group*, No 15 Misc. 00285 (S.D.N.Y. Sept. 8, 2015),

---

[2] *See* The Clearing House, https://www.theclearinghouse.org/payments/chips (last visited February 5, 2018) (generally describing the CHIPS system); The Clearing House, https://www.theclearinghouse.org/payments/chips/helpful-info (last visited February 5, 2018) (providing a list of customers, including the New York Banks).

Paul's Luxembourg Counsel filed a sworn declaration explaining at length how wire transfer records and other documentary obtained from the New York Banks would be useful in Luxembourg proceedings ("PLC Declaration"). A true and correct copy of the PLC Declaration is attached hereto as Exhibit 1.

32.  The PLC Declaration explained that "[g]iven the [discovery target's] apparent opaque financial dealings in the past … this Application represents the best means of targeting or gathering evidence in the possession, custody or control of the New York Banks in this District. The evidence sought through this Application is for use in enforcement proceedings in Luxembourg, and is highly relevant thereto." Ex. 1 ¶ 17.

33.  The PLC Declaration also explained that the "evidence sought through the Application will be crucial to uncovering the amount and location of funds held abroad or otherwise transferred" which would assist "the Applicant … to comprehensively understand the scope of the [debtor's] asset profile, and thereafter present this understanding to the courts in Luxembourg." *Id.* ¶ 19.

34.  The PLC Declaration concluded by reiterating to this Court that "the evidence sought would be of material interest in furthering the proceedings in Luxembourg and would be admissible in those proceedings." *Id.* ¶ 21.

35.  Here, the discovery sought from the New York Banks will assist Applicants to ascertain whether Paul's opaque financial dealings, which are alleged to include an undisclosed ownership and control interest in Litai, supports Applicants' allegation that Paul has violated the criminal laws of Luxembourg.

36. Attached hereto as Exhibit 2 is the order authorizing discovery pursuant to 28 U.S.C. § 1782 in the case of *In re Application of Frontline Shipping Limited*, 17-mc-00174 (S.D.N.Y. May 26, 2017).

37. Attached hereto as Exhibit 3 is the order authorizing discovery pursuant to 28 U.S.C. § 1782 in the case of *In re Application of DS-Rendite Fonds NR. 108 VLCC Ashna GmbH & Co. Tankschiff KG*, 17-mc-00276 (S.D.N.Y. Sept. 5, 2017).

38. Attached hereto as Exhibit 4 is the order authorizing discovery pursuant to 28 U.S.C. § 1782 in the case of *In re Application of Navig8 Chemicals Pool Inc.*, 17-mc-00018 (S.D.N.Y. Jan. 19, 2017).

39. Attached hereto as Exhibit 5 is the order authorizing discovery pursuant to 28 U.S.C. § 1782 in the case of *In re Application of Gazprombank OJSC*, 15-mc-00372 (S.D.N.Y. Nov. 21, 2015).

40. Attached hereto as Exhibit 6 is the order authorizing discovery pursuant to 28 U.S.C. § 1782 in the case of *In re Application of Faulkner USA International Group*, 15-mc-00285 (S.D.N.Y. Sept. 11, 2015).

41. Attached hereto as Exhibit 7 is the order authorizing discovery pursuant to 28 U.S.C. § 1782 in the case of *In re Application of Swifthold Foundation*, 15-mc-00412 (S.D.N.Y. May 22, 2015).

42. Attached hereto as Exhibit 8 is the order authorizing discovery pursuant to 28 U.S.C. § 1782 in the case of *In re Application of GAC Marine S.A., Branch Office in Turkmenistan*, 15-mc-00078 (S.D.N.Y. Mar. 31, 2015).

43. Attached hereto as Exhibit 9 is the order authorizing discovery pursuant to 28 U.S.C. in the case of *In re Application of Hornbeam Corp.*, 14-mc-00424 (S.D.N.Y. Dec. 24, 2014).

44. Attached hereto as Exhibit 10 is the Recognition Order authorizing discovery pursuant to Chapter 15 of the United States Bankruptcy Code in the case of *In re Platinum Partners Value Arbitrage Fund L.P. (in Official Liquidation), et al.*, No. 16-12925 (Bankr. S.D.N.Y. Nov. 23, 2016).

45. Attached hereto as Exhibit 11 is the Recognition Order authorizing discovery pursuant to Chapter 15 of the United States Bankruptcy Code in the case of *In re Niton Fund SPC*, No. 15-13252 (Bankr. S.D.N.Y. Jan. 13, 2016).

46. Attached hereto as Exhibit 12 is the Recognition Order authorizing discovery pursuant to Chapter 15 of the United States Bankruptcy Code in the case of *In re Lawndale Group S.A.*, No. 15-11352 (S.D.N.Y July 6, 2015).

47. Attached hereto as Exhibit 13 is the Recognition Order authorizing discovery pursuant to Chapter 15 of the United States Bankruptcy Code in the case of *In re Pioneer Freight Futures Company Limited*, No. 13-12324 (Bankr. S.D.N.Y. Aug. 23, 2013).

48. Attached hereto as Exhibit 14 is the Recognition Order authorizing discovery pursuant to Chapter 15 of the United States Bankruptcy Code in the case of *In re Farenco Shipping Co., Ltd.*, No. 11-14318 (Bankr. S.D.N.Y. Sept. 7, 2011).

49. Attached hereto as Exhibit 15 is the Recognition Order authorizing discovery pursuant to Chapter 15 of the United States Bankruptcy Code in the case of *In re Transfield ER Cape Ltd. (BVI)*, No. 10-16270 (Bankr. S.D.N.Y. Jan. 13, 2011).

50. Attached hereto as Exhibit 16 is the order authorizing intermediary bank discovery in the case of *In re Saad Investments Finance Company (No. 5) Limited*, No. 09-13985 (Bankr. D. Del. Aug. 14, 2014).

***Selected Filings in the United States District Court for the Southern District of Florida***

51. There was extensive briefing at the district and appellate levels concerning the substantially identical application to the Southern District of Florida. Copies of the relevant submissions are provided.

52. Attached hereto as Exhibits 17-19 are true and correct copies of Applicants' Application and supporting documents.

53. Attached hereto as Exhibit 20 is a true and correct copy of the Order granting Applicants' *ex parte* Application.

54. Attached hereto as Exhibits 21-25 are true and correct copies of Litai's motion to quash and motion for protective order and supporting documents.

55. Attached hereto as Exhibits 26-31 are true and correct copies of Applicants' response to Litai's motion to quash and cross motion to compel and supporting documents.

56. Attached hereto as Exhibits 32-36 are true and correct copies of Litai's reply in further support of motion to quash and opposition to Applicants' cross motion to compel and supporting documents.

57. Attached hereto as Exhibits 37-41 are true and correct copies of Applicants' reply in further support of cross motion to compel.

58. Attached hereto as Exhibit 42 is a true and correct copy of the Order denying Litai's motion to quash, granting, Applicants' cross motion to compel, and awarding Applicants' attorneys' fees.

59. Attached hereto as Exhibit 43 is a true and correct copy of Litai's notice of appeal.

60. Attached hereto as Exhibit 44 is a true and correct copy of the Order denying Litai's motion to stay pending appeal.

61. Attached hereto as Exhibit 45 is a true and correct copy of the Order granting Applicants' second motion to compel, awarding Applicants' attorneys' fees, and denying Litai's motion for a protective order.

62. Attached hereto as Exhibit 46 is a true and correct copy of the Order granting Applicants' third motion to compel and for contempt.

### *Selected Filings in the United States Court of Appeals for the Eleventh Circuit*

63. Attached hereto as Exhibit 47 is a true and correct copy of the Order denying Litai's motion to stay pending appeal.

64. Attached hereto as Exhibit 48 is a true and correct copy of Litai's opening brief.

65. Attached hereto as Exhibit 49 is a true and correct copy of Applicants' brief.

66. Attached hereto as Exhibit 50 is a true and correct copy of Litai's reply brief.

### *Notice of Meeting*

67. Attached hereto as Exhibit 51 is a true and correct copy of the Notice of Meeting of Acheron.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 6th day of February 2018.

                                             */s Warren E. Gluck*
                                             Warren E. Gluck