# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Warren E. Gluck
+1 212.513.3396
Warren.Gluck@hklaw.com


June 11, 2018

*Via ECF*

Hon. John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 14A
New York, NY 10007-1312

   Re: *In re Application of Furstenberg Finance SAS and Marc Bataillon*,
     No. 1:18-mc-00044-JGK (S.D.N.Y.)

Dear Judge Koeltl:

This firm represents Applicants Furstenberg Finance SAS and Marc Bataillon (the "Applicants") in the above-captioned matter. Further to Applicants' May 25, 2018 supplemental submissions, as ordered by the Court during the May 18, 2018 hearing on Applicants' request for discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782, we write to advise the Court of two subsequent developments.

*First*, by Order dated June 8, 2018, filed on June 11, 2018, the United States District Court for the Southern District of Florida denied the motion of Litai Assets, LLC ("Litai") for reconsideration of the Florida court's prior orders granting Applicants' attorneys' fees and costs in connection with Applicants' motions to compel. A copy of the Florida's court's June 8, 2018

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville
Lakeland | Los Angeles | Miami | New York | Orlando | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

Bogotá | London | Mexico City

Hon. John G. Koeltl
June 11, 2018
Page 2

Order is attached hereto. We ask that this newly-issued Order supplement the Applicants' supplemental compendium of all orders and minute entries issued in the Florida proceedings, submitted by Applicants on May 25, 2018 as Exhibit A to ECF No. 33.

*Second,* on June 8, 2018, Applicants filed their Fourth Motion to Compel and For Contempt, as against Litai, in the United States District Court for the Southern District of Florida. As Applicants' motion discussed information from Litai's document production that Litai designated as "confidential" pursuant to the Protective Order in effect in the Florida proceeding, Applicants' June 8, 2018 motion was filed under seal.[1]

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ Warren E. Gluck*
Warren E. Gluck

cc:   All Counsel of Record (*via ECF*)

---

[1] Applicants repeat and reassert the points made in their Letter Motion to Strike Unsolicited Portions of Objecting Parties' Supplemental Briefs, ECF No. 39. As stated in that Letter Motion, Applicants stand ready to submit supplemental declaration(s)—specifically, a supplemental declaration from Applicants' Luxembourg law expert Rosario Grasso responding to the Objecting Parties' unsolicited Supplemental Declaration on Luxembourg Law, submitted on June 1, 2018 (ECF No. 37-1)—should the Court so order.

#58114477_v1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cv-60266-BB**

In re:
FURSTENBERG FINANCE SAS and
MARC BATAILLON

        Applicants.
_____/

**ORDER DENYING LITAI ASSETS, LLC'S MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Litai Assets, LLC's ("Litai") Motion for Reconsideration of Rule 37 Fees and Costs Awards (the "Motion"). *See* ECF No. [106]. In particular, Litai moves the Court to reconsider the portions of the Court's July 27, 2016 and October 31, 2017 Orders, *see* ECF Nos. [30], [73], awarding Applicants attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37. The Court has reviewed the Motion, the supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, Litai's Motion is denied.

On February 9, 2016, Applicants petitioned this Court under 28 U.S.C. § 1782 ("Section 1782") for an order compelling Litai, a company existing and organized under the laws of the State of Florida, to produce discovery for use in reasonably contemplated criminal foreign proceedings against Jean-Michael Paul ("Paul"), a director of Acheron Portfolio Corporation Luxembourg S.A. ("APC"). *See* ECF No. [1].

On February 10, 2016, the Court entered an order granting the Section 1782 Application ("Section 1782 Order"), authorizing Applicants to issue and serve subpoenas upon Litai for business records, deposition testimony, electronically stored information, any other electronic communications relating to any communication between Litai, Jan-Eric Samuel (in his capacity

as Chairman and CEO of Litai or in relation to Litai) and Paul, and any communications between Litai, Acheron Capital Limited ("ACL"), and/or APC. *See* ECF No. [7]. On February 18, 2016, the Clerk issued subpoenas to produce documents pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See* ECF No. [9].

On March 24, 2016, Litai moved to quash the subpoenas, arguing that Applicants did not satisfy the elements of Section 1782. *See* ECF No. [10]. In their response, Applicants moved to compel production in accordance with the Section 1782 Order. *See* ECF No. [16]. On July 27, 2016, after Litai and Applicants timely filed their corresponding replies, the Court denied Litai's motion to quash, granted Applicants' motion to compel, and awarded attorneys' fees to Applicants under Rule 37.[1] *See* ECF No. [30].

On July 14, 2017, Applicants filed a second motion to compel production in accordance with the Section 1782 Order. *See* ECF No. [43]. Litai responded to the second motion to compel and, on September 21, 2017, Samuel filed a motion for a protective order. *See* ECF No. [64]. On October 30, 2017, the Court granted Applicants' second motion to compel and denied Samuel's motion for a protective order.[2] *See* ECF No. [73]. Pursuant to that order, Applicants were again awarded attorneys' fees and Litai was ordered to produce Samuel for deposition as an officer of Litai. *See Id*.

---

[1] Litai appealed the order, *see* ECF No. [31], and sought to stay discovery pending the appeal, *see* ECF No. [32]. This Court, as well as the Eleventh Circuit Court of Appeals, denied Litai's motion to stay pending appeal. *See* ECF No. [36]; *see also Furstenberg Finance SAS v. Litai Assets LLC*, No. 16–15664–DD (11th Cir. Feb. 8, 2017). On December 15, 2017, the Eleventh Circuit affirmed the Court's denial of Litai's motion to quash. *See Application of Furstenberg Finance SAS v. Litai Assets LLC*, 877 F.3d 1031 (11th Cir. 2017).

[2] Litai and Samuel also appealed the Court's order granting Applicants' second motion to compel and denying Samuel's motion for a protective order. *See* ECF No. [74]. Pursuant to Movants' motion for voluntary dismissal, the Eleventh Circuit dismissed the appeal on January 5, 2018. *See* ECF No. [88].

Case 0:16-cv-60266-BB Document 144 Entered on FLSD Docket 05/11/2018 Page 3 of 6
Case 1:23-mc-00044-JGK-VF Document 42 Filed 06/14/806Page 5 of 8

Case No. 16-cv-60266-BB

On March 9, 2018, Litai filed the present Motion. *See* ECF No. [106]. Applicants have filed their response, and Litai has filed its reply in support of the Motion. *See* ECF Nos. [112], [118]. The Motion is ripe for consideration.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* at 1369. "The three primary grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010) (internal quotation omitted). "While a party may seek to correct clear errors in a motion for reconsideration, [a]n error is not clear and obvious if the legal issues are at least arguable." *Leonard v. Astrue*, 487 F. Supp. 2d 1333, 1341 (M.D. Fla. 2007) (internal quotations omitted) (*citing United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003)).

Litai argues that the Court has committed clear error in awarding Applicants attorneys' fees under Rule 37 even though the subpoenas were issued pursuant to Rule 45.[3] *See* ECF No. [106]. The Court first notes that Litai is making the same argument and citing to many of the same cases on reconsideration as it did in its response to Applicants' second motion to compel. *See* ECF No. [53], at 16–18. In the Motion, Litai effectively urges the Court to reconsider its ruling "because [they] disagree with the Court's treatment of certain facts and its legal

---

[3] If a motion to compel discovery under Rule 37 is granted, "the court must . . . require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). On the other hand, a court can award attorney's fees under Rule 45 upon a finding of contempt. *See* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.").

3

conclusions." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). This basis alone is sufficient to deny the Motion, as motions for reconsideration cannot be used "to relitigate old matters . . . [or] raise [new] argument[s]." *Id.*

Nevertheless, Litai has not shown that the portions of the Court's previous orders granting fees were clearly erroneous. While Litai has cited many cases where courts have declined to award fees under Rule 37 when the motion to compel was brought under Rule 45, none of those cases occurred in the context of an application under Section 1782. *See Id.* at 10–13. This is important given: (1) the unique nature of Section 1782 proceedings, where litigants in a foreign proceeding may seek to obtain evidence on an *ex parte* basis from persons who are found or reside in the United States for use in the foreign tribunal,[4] and (2) caselaw suggesting that the awarding of fees or expenses for failure to comply with subpoenas in Section 1782 proceedings is proper. *See*, *e.g.*, *In re FG Wilson (Eng'g) Ltd.*, No. 10–20843–MC, 2011 WL 5361073, at *2 (S.D. Fla. Nov. 7, 2011) (granting motion to quash subpoena under Rule 45 and granting expenses under Rule 37 in a Section 1782 proceeding); *In re Michael Wilson & Partners Ltd.*, No. 06–CV–02575–MSK–KMT, 2011 WL 3608037, at *3 n.1 (D. Colo. Aug. 16, 2011) (stating in a Section 1782 action that the court "has sanction power under Rule 37"); *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 302 (S.D.N.Y. 2010), *as corrected* (May 10, 2010), *aff'd sub nom. Chevron Corp. v. Berlinger*, 629 F.3d 297 (2d Cir. 2011); (stating that Section 1782 "itself contemplates the issuance of a subpoena or an order to produce and then, in the event of noncompliance, an application for sanctions, which may include contempt" and citing to Rule 37).

---

[4] "As a general matter, the Supreme Court . . . ha[s] made clear that district courts are to take a hospitable view of applications to compel the production of evidence by persons found or residing in the United States for use in foreign litigation." *In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings*, No. 15–MC–417 (LAK), 2016 WL 702327, at *2 (S.D.N.Y. Feb. 18, 2016).

Case 0:16-cv-60266-BB Case 1:18-mc-00044-JGK-DCF Document 12-3 Entered on FLSD Docket 06/11/2018 Filed 06/14/18 Page 5 of 6 Page 7 of 8

Case No. 16-cv-60266-BB

Notably, Litai has not demonstrated that the above-mentioned cases are erroneous. Nor has Litai provided the Court with cases, let alone binding authority, that state that awarding attorney's fees in the context of a Section 1782 proceeding, whether under Rule 37 or Rule 45, was incorrect or inappropriate. *See Roth v. Nationstar Mortg., LLC*, Case No. 2:15–cv–783–FTM–29MRM, 2017 WL 1130745, at *2 (M.D. Fla. Mar. 26, 2017) ("Before reaching that conclusion, the Court reviewed apposite decisions from other district court judges (having uncovered no Eleventh Circuit decision on the subject), some of which found that waiver had occurred, and others holding against waiver. Ultimately, the Court viewed better-reasoned those cases finding waiver. Nationstar has presented the Court with no binding authority compelling a different result under the facts presented here."); *see also King v. CVS Caremark Corp.*, Case No. 1:12–CV–1715–VEH, 2015 WL 12778436, at *5 (N.D. Ala. Feb. 8, 2015) ("However, the Defendants fail to cite *any* on-point and binding, authority for this first argument.").

In light of authority suggesting otherwise, the Court finds that Litai has not met its high burden on reconsideration to show that the Court's previous orders were clearly erroneous. As such, it is **ORDERED AND ADJUDGED** that Litai's Motion, **ECF No. [106]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 8th day of June, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

5

6