USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/26/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————

IN RE APPLICATION OF FURSTENBERG
FINANCE SAS AND MARC BATAILLON

18-mc-44 (JGK)

MEMORANDUM OPINION
& ORDER

——————————————————————

JOHN G. KOELTL, District Judge:

The movant, Dr. Jean-Michel Paul, seeks reconsideration of this Court's Memorandum Opinion and Order dated July 12, 2018, which granted discovery from twelve banks located in New York County pursuant to 28 U.S.C. § 1782 for use against the movant in a contemplated criminal proceeding in Luxembourg. In re Furstenberg Fin. SAS, No. 18mc44, 2018 WL 3392882 (S.D.N.Y. July 12, 2018). The movant contends that reconsideration is warranted, and alleges that the Court misapplied the legal standard to determine whether a foreign proceeding is "within reasonable contemplation." The movant also contends that the Court ignored the movant's request for reciprocal discovery, and therefore renews that request here.[1]

_____

[1] The movant also sought a protective order limiting the applicants' use of the information they receive pursuant to the Court's July 12, 2018, Opinion and Order. The parties both agree that this issue is now moot because the parties entered into a confidentiality agreement on August 22, 2018. Dkt. No. 53. The request for a protective order is therefore denied without prejudice as moot.

The original applicants for discovery were at one time or currently are investors in Acheron Portfolio Corporation Luxembourg S.A. ("Acheron"). The applicants allege that the movant, Dr. Jean-Michel Paul, a director of Acheron, failed to disclose properly his ownership interest in Litai, a company with which Acheron did business. The applicants sought discovery under 28 U.S.C. § 1782 to aid them in pursuing a case in Luxembourg against Paul on the basis of this alleged conflict of interest.

The applicants first sought discovery from Litai pursuant to § 1782 in the Southern District of Florida. The district court granted that petition. In re Furstenberg Fin. SAS, No. 16mc60266, 2016 WL 10707012 (S.D. Fla. July 26, 2016). That decision was affirmed by the Eleventh Circuit Court of Appeals. In re Application of Furstenberg Fin. SAS, 877 F.3d 1031 (11th Cir. 2017). In July 2017, due to some apparent difficulty enforcing the subpoena against Litai to obtain the requested discovery, the applicants filed a second motion to compel. The motion was granted by the district court. In re Furstenberg Fin. SAS, No. 16mc60266, 2017 WL 6560357 (S.D. Fla. Oct. 31, 2017). The Court also awarded the applicants attorneys' fees. Id. at *9. In December 2017, the applicants filed a third motion to compel and a motion for sanctions. That motion was also granted

by the district court. In re Furstenberg Fin. SAS, No. 16mc60266, 2018 WL 735676 (S.D. Fla. Jan. 30, 2018). By order dated June 8, 2018, the District Court denied Litai's motion for reconsideration. Dkt. No. 42. Also on June 8, the applicants filed their fourth motion to compel and for contempt against Litai in the Florida proceeding. Litai asserts that they have produced all documents responsive to the Florida subpoenas and fully complied with all of their obligations thereunder. Dkt. No. 38 ¶¶ 2-4.

The applicants then requested discovery under § 1782 in this Court to obtain wire transfer records where a Discovery Target[2] is listed as the originator or the beneficiary, or is otherwise referenced in the wire transfer. Dkt. No. 33 at 1-2. The applicants asserted that they intend to file a criminal complaint in Luxembourg based on the movant's undisclosed conflict of interest arising from his involvement with both Acheron and Litai.

The Court granted the discovery application in the Opinion and Order dated July 12, 2018. The movant seeks reconsideration of that decision.

---

[2] The discovery targets are: Jean-Michel Paul, Carlo Toller, Anh Bui, Litai Assets LLC, Vespera Life LLC, Wiking Assets LLC, Nordland Assets LLC, Neptune Assets LLC, Lifelong Insurance LLC, Lifelong Global Insurance LLC, Litai Property Management LLC, Horo Holdings S.A., Alpcap PTE LTD, Tomson PTE LTD, Hopewell Asset, Hopewell SARL, and Life Settlement Assets PLC (together, the "Discovery Targets").

## II.

Reconsideration of a previous Opinion of the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Beacon Assocs. Litig., 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011) (internal quotation marks and citation omitted). To succeed on a motion for reconsideration, the movant carries a heavy burden. The movant must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Doe v. N.Y.C. Dept. of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983). "The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03cv2876, 2014 WL 1673375, at *1 (S.D.N.Y. April 28, 2014) (internal quotation marks and citation omitted).

## III.

The movant requests that the Court reconsider its decision to allow the applicants to seek discovery from twelve banks in this District in connection with the contemplated criminal proceeding against the movant in Luxembourg and argues that the Court committed clear error in granting the application. The movant also asks this Court to grant his request for reciprocal

discovery because the Court allegedly did not address the request in the original Opinion and Order.

## A.

There are three statutory requirements that an applicant must meet in order to obtain discovery under 28 U.S.C. § 1782. First, the person from whom discovery is sought must reside or be found in the district of the district court where the application is made; second, the discovery must be for use in a proceeding before a foreign tribunal; and third, the application must be made by the foreign tribunal or "any interested person." Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d Cir. 2004) (internal quotation marks and citation omitted); see also In re Application of 000 Promnefstroy for an Order to Conduct Discovery for Use in a Foreign Proceeding, No. M 19-99(RJS), 2009 WL 3335608, at *4 (S.D.N.Y. Oct. 15, 2009). Once these statutory requirements are met, the district court has "wide discretion" whether to issue discovery orders pursuant to § 1782(a). See Application of Esses, 101 F.3d 873, 876 (2d Cir. 1996).

The movant contends that the Court clearly erred in finding that the second requirement was satisfied. To satisfy the second requirement -- that the discovery be sought for use in a foreign proceeding -- "the planned proceedings must be within reasonable contemplation." Certain Funds, Accounts and/or Inv. Vehicles v.

5

KPMG, L.L.P., 798 F.3d 113, 123 (2d Cir. 2015), aff'd, 798 F.3d 113 (2d Cir. 2015). The movant acknowledges that the Court articulated the proper standard for making this inquiry, but contends that the Court committed clear error in applying that standard to determine whether a foreign proceeding was "within reasonable contemplation" at the time the application was made.

For all of the reasons that the Court originally articulated, the Court correctly found that the foreign proceeding was "within reasonable contemplation." This is the same conclusion that was reached by the District Court in the Southern District of Florida, In re Furstenberg Fin. SAS, 2016 WL 1070712, at *4-7, which was in turn affirmed by the Court of Appeals for the Eleventh Circuit, Application of Furstenberg Fin. SAS, 877 F.3d at 1034-35. The applicants carried their burden of showing that a foreign proceeding is within reasonable contemplation by filing declarations swearing that they intend to file a criminal complaint against the movant, and articulating a specific legal theory on which they intend to rely. In re Furstenberg Fin. SAS, 2018 WL 3392882, at *4. The Second Circuit Court of Appeals has held such findings to be sufficient to show that a foreign proceeding is reasonably contemplated. See In re Hornbeam Corp., 722 F. App'x 7, 9-10 (2d Cir. 2018) (summary order) (holding that a foreign proceeding was reasonably contemplated where the applicant "represented

that it intended to initiate further litigation," and
"articulated a theory on which it intended to litigate.").

The movant argues that because the applicants have delayed
the initiation of the foreign proceedings, the foreign
proceedings are therefore not within reasonable contemplation.
However, as this Court noted previously, that delay was caused
in part by obstruction the applicants faced in the Florida
proceedings, which resulted in the applicants filing three
motions to compel production, as well as a motion for sanctions.
Id. at *2. The motions to compel and the motion for sanctions
were granted. In re Furstenberg Fin. SAS, 2018 WL 735676, at *4-
5. Currently, there is a fourth motion to compel pending. See
Dkt. No. 55. That the applicants faced such obstruction is not a
basis for denying their discovery request. There was no error in
the Court's decision, much less "clear error." Doe, 709 F.2d at
789.

**B.**

With respect to the argument that the Court erred by not
ruling specifically on his request for reciprocal discovery, the
movant is mistaken. The Court denied all other requests not
specifically addressed as "moot or without merit." In re
Furstenberg Fin. SAS, 2018 WL 3392882, at *8. That ruling
assuredly included the movant's request for reciprocal
discovery.

The movant's original request for reciprocal discovery was a cursory, single-sentence request that sought to require the applicants to produce information without any detailed description of the specific information sought. It is only now, in this motion for reconsideration, that the movant has added a "First Request for the Production of Documents" from Marc Bataillon and Furstenberg Finance SAS. Mem. Ex. B. The request allegedly seeks documents to uncover the applicants' motivations for pursuing discovery in the Florida proceedings and in this proceeding. The document request seeks, among other items, "[c]ommunications and documents regarding any communications to the directors or officers of Acheron, and any other person or entity regarding the Florida Proceeding." Id. at 5.

To the extent the movant raises new arguments, those arguments are not properly before the Court. The movant's expanded justification for discovery and specific request for documents are not properly part of a motion for reconsideration. They were not presented with the original opposition to the application under § 1782 and therefore the Court could not have overlooked them. "A motion for reconsideration should not relitigate issues already resolved by the court and should not be used 'to put forward additional arguments which the movant could have made, but neglected to make before judgment.'" Goldstein v. State of N.Y., No. 00cv7463, 2001 WL 893867

(S.D.N.Y. Aug. 7, 2001), aff'd, 34 F. App'x 17 (2d Cir. 2002) (citation omitted).

The original request for reciprocal discovery was properly denied because it was insufficiently supported. The denial of such request was not erroneous or contrary to law. The movant made no attempt in the original request to make the requisite showing under § 1782, and indeed, on this motion, the movant admits that its discovery targets -- Marc Bataillon and Furstenberg Finance SAS -- are not located within this District.[3] Further, the movant's request for reciprocal discovery is antithetical to his argument that there is no foreign proceeding in reasonable contemplation. To obtain reciprocal discovery under § 1782, the movant would have to agree that there is a foreign proceeding within reasonable contemplation.[4] For these reasons, the movant did not meet the statutory requirements to

---

[3] The movant relies on Application of Consorcio Minero, S.A. v. Renco Group, Inc., No. 11mc354, 2012 WL 1059916 (S.D.N.Y. Mar. 28, 2012), to argue that the fact that the applicants are not located in this District actually favors the movant's discovery request. In that case, the discovery target was not located in any United States district, and there was no other process by which the applicant could have obtained the requested discovery. Id. at *4. The movant has not shown that his discovery targets are not located in any district of the United States, nor has he sufficiently shown that § 1782 provides the only process by which he can obtain such discovery. Moreover, in stating the legal standard, the movant admits that the discovery targets must be located in this District. Mem. at 3.

[4] The movant also argues that there is a separate foreign proceeding already pending in Luxembourg against the applicants for abuse of process. To the extent that the movant seeks discovery for that separate proceeding, that discovery is not "reciprocal" and would need to be requested in a new § 1782 application.

9

obtain reciprocal discovery under § 1782. See <u>Schmitz</u>, 376 F.3d at 83.

Moreover, however styled, the movant's request could hardly be viewed as a request for "reciprocal discovery." The original application for discovery sought discovery from twelve banks for use in the reasonably contemplated criminal proceeding against the movant in Luxembourg. The new discovery sought by the movant is not discovery from the banks, and there is no showing that it is usable in the reasonably contemplated criminal proceeding in Luxembourg. Unlike the extensive materials that were presented in the original application, there is no evidence that this type of information would in fact be used in the criminal proceeding. Because the movant is a third party with respect to the original application, has not shown that the requested discovery would be used in the reasonably contemplated criminal proceeding, and seeks discovery from different targets, the movant stretches the word "reciprocal" beyond its breaking point.

There was in short, no error in denying the application for reciprocal discovery in this Court.

**CONCLUSION**

For the foregoing reasons, the motion for reconsideration

is **denied**.

**SO ORDERED.**

Dated:     New York, New York
           September 26, 2018

                                    John G. Koeltl
                              United States District Judge